**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Samuel Morse | * | |
| 1471 St. Rt. 61 | | |
| Marengo, Ohio 43334 | * | Case No. 2:17-cv-453 |
|     Individually and on behalf of | * | JUDGE |
|     other members of the general | | |
|     public similarly situated, | * | MAGISTRATE JUDGE |
|                      Plaintiff, | * | |
| v. | * | **COLLECTIVE ACTION COMPLAINT** |
| Complete Wiring Concepts, LLC | * | **JURY DEMAND ENDORSED HEREON** |
| 615 Hilliard Rome Rd. | | |
| Galloway, Ohio 43119 | * | |
| & | * | |
| Tyrone Christian | * | |
| 615 Hilliard Rome Rd. | | |
| Galloway, Ohio 43119 | * | |
|                      Defendants. | * | |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Now comes Samuel Morse ("Named Plaintiff," "Plaintiff Morse," or "Morse"), individually and on behalf of other members of the general public similarly situated, for her Collective and Class Action Complaint against Complete Wiring Concepts, LLC ("CWC") and Tyrone Christian ("Christian") (collectively CWC and Christian referred to herein as "Defendants") for their failure to pay proper overtime wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act ("the Ohio Wage Act"), O.R.C. 4111.01, *et seq.*, the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to

collectively as "the Ohio Acts"). The claims under the FLSA are brought as a collective action pursuant to 29 U.S.C. § 216(b); seeking all available relief under the Ohio Wage Act; seeking all available relief pursuant to the OPPA; the claims pursuant to O.R.C. §4123.90 are brought individually; and, the claims pursuant to O.R.C. §4112.02 are brought individually. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others. Plaintiff Morse, individually and on behalf of others similarly situated, hereby states as follows:

## I. JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("the Ohio Wage Act"), the Ohio Prompt Pay Act, O.R.C. § 4113.15 ("OPPA"), O.R.C. § 4123.90, O.R.C. § 4112.02, and 28 U.S.C. §1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendants jointly employed Plaintiff Ford and others similarly situated in the Southern District of Ohio, a substantial part of the events or omission giving rise to the claim occurred in the Southern District of Ohio, and Defendants have done substantial business in the Southern District of Ohio.

## II. THE PARTIES

4. Plaintiff Morse is an individual, United States citizen, and resident of the State of Ohio living in the Southern District of Ohio.

5. At all times relevant, Plaintiff Morse was an employee of Defendants as defined in the FLSA, the Ohio Acts, O.R.C. 4123.90, and O.R.C. 4112.02.

6. Plaintiff Morse was jointly employed by Defendants from approximately April 2011 until he was constructively discharged on or about February 11, 2017. At the beginning of his employment with CWC, Plaintiff Morse worked as a field technician. Field technicians are responsible for installing and repairing cable and internet services for WOW customers. Field technicians are hourly, non-exempt employees.

7. Morse was promoted to lead/supervisor in or around September 2012. CWC classifies lead/supervisors as exempt employees.

8. On October 31, 2016, Morse suffered a workplace injury. Although he was cleared to return to work with restrictions in December 2016, Christian would not allow Morse to return until he was 100% healed.

9. Christian allowed Morse to return to work on or about January 23, 2017. However, Christian demoted Morse from lead/supervisor to field technician upon his return from leave following the workplace injury in retaliation for filing.

10. Following his demotion, Plaintiff Morse was an hourly, non-exempt employee of Defendants as defined in the FLSA, the Ohio Acts, O.R.C. 4123.90, and O.R.C. 4112.02.

11. Plaintiff Morse brings this action on his own behalf and on behalf of those similarly situated, and has given his written consent to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA. Plaintiff Morse's consent is being filed along with the

Complaint pursuant to 29 U.S.C. §216(b). (*Consent to be Party Plaintiff*, attached hereto as **Exhibit A.**)

12. Defendant Complete Wiring Concepts, LLC ("CWC") is an Ohio limited liability company with its principal place of business in the Southern District of Ohio and the acts that give rise to this Complaint arose in the Southern District of Ohio.

13. Defendant Tyron Christian ("Christian") is the Owner of Defendant CWC. Defendant Christian is also CWC's statutory agent.

14. Defendants are actively doing business, jointly and individually, in this judicial district. Defendants are and have been, jointly and individually, "employers" as that term is defined by the FLSA and the Ohio Acts.

15. At all times relevant, Defendant CWC has been an "employer" as that term is defined in O.R.C. §4123.90, and O.R.C. §4112.02.

16. During relevant times, Defendants maintained control, oversight, and direction over Plaintiff and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages, including overtime compensation.

17. During relevant times, Defendant CWC and Defendant Christian have mutually benefitted from the work performed by Plaintiff and those similarly situated.

18. During relevant times, Defendants did not act entirely independently of each other and have not been completely disassociated with respect to the work of Plaintiff and other similarly situated employees.

19. During relevant times, Defendants shared the services of Plaintiff and other similarly situated employees.

20. During relevant times, Defendant CWC and Defendant Christian acted directly or indirectly in the interest of each other in relation to Plaintiff and those similarly situated.

21. Upon information and belief, Defendants, jointly and individually, operate and control an enterprise and employs employees engaged in commerce or in the production of goods for commerce, or have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendants have had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

22. During relevant times, Defendant Christian has jointly owned, operated and/or managed Defendant CWC.

23. During relevant times, Defendant Christian has been jointly involved in the operational decisions of Defendant CWC.

24. During relevant times, Defendant Christian has been jointly involved in the employment decisions of Defendant CWC, including, but not limited to, decisions about Defendants' wage and hour policies and practices that affect Plaintiff and all other similarly situated employees.

25. Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and overtime laws of the United States and of the State of Ohio as well as record keeping laws of the State of Ohio.

### III. FACTUAL ALLEGATIONS

26. Defendants hired Plaintiff Morse in or around April 2011.

27. During his employment, Plaintiff Morse worked as a field technician and lead/supervisor. During the time that he worked as a field technician, Morse was an hourly, non-exempt employee.

28. During three years preceding the filing of Plaintiff Morse's Complaint, Defendants did not properly compensate hourly, non-exempt field technicians at one and a half times of their regular rate of pay for hours worked over 40 because of Defendants' failure to properly correct the technicians' proper rate of pay.

29. In particular, Defendants reimbursed Plaintiff Morse and other field technicians for expenses normally incurred for their own benefit, including but not limited to phone allowances for use of their personal cell phone, but did not include such reimbursements when determining the employees regular rate of pay.[1]

## IV. COLLECTIVE ACTION ALLEGATIONS

### A. 216(b) Collective Action for Unpaid Overtime Wages.

30. Named Plaintiff brings his FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of himself and all other Similarly Situated Persons ("SSPs") of the opt-in class, consisting of:

> All current and former hourly, non-exempt field technicians of Defendants who were not paid proper overtime wages because they received reimbursements that were improperly excluded from their regular rate of pay (the "§216(b) Class" or the "§216(b) Class Members").

---

[1] Reimbursements for normal everyday expenses are not to be excluded from regular rate calculations. See 29 C.F.R § 778.217(d).

31. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, compensation withheld in violation of the FLSA, liquidated damages and attorneys' fees under the FLSA.

32. In addition to Named Plaintiff, numerous putative §216(b) Class Members have been denied proper overtime due to Defendants' joint company-wide payroll policies and practices as a result of Defendants improperly calculating the employees' regular rate of pay. Named Plaintiff is representative of those other similarly situated employees and is acting on behalf of their interests as well as his own in bringing this action.

33. The identity of the putative §216(b) Class Members are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime and minimum wages, liquidated damages, attorneys' fees and costs under the FLSA.

34. The net effect of Defendants' policies and practices is that Defendants willfully failed to pay overtime wages. Thus, Defendants enjoyed substantial ill-gained profits at the expense of the Named Plaintiff and §216(b) Class Members.

## V. ALLEGATIONS PERTAINING TO PLAINTIFF AND THOSE SIMILARLY SITUATED

35. All of the preceding paragraphs are realleged as if fully rewritten herein.

36. During relevant times, Plaintiff and those similarly situated worked more than forty (40) hours per workweek but were not compensated at a rate of at least one and one-half times their proper regular rate of pay for the hours worked in excess of 40.

37. During relevant times, Plaintiff and those similarly situated were not exempt from the overtime provisions of the FLSA and the Ohio Wage Act.

38. Plaintiff and those similarly situated have suffered damages and continue to suffer damages as a result of Defendants' acts or omissions as described herein.

## VI. CAUSES OF ACTION

### COUNT I
### (FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME)

39. All of the preceding paragraphs are realleged as if fully rewritten herein.

40. This claim is brought as part of a collective action by the Named Plaintiff on behalf of himself and the §216(b) Class.

41. Defendants jointly employed the Named Plaintiff and the §216(b) Class.

42. The FLSA requires that non-exempt employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

43. During the three years preceding the filing of this Complaint, Defendants employed Named Plaintiff and/or the §216(b) Class Members.

44. Named Plaintiff and the §216(b) Class Members were paid on an hourly basis and worked in non-exempt positions.

45. Named Plaintiff and the §216(b) Class Members worked in excess of 40 hours in a workweek.

46. Defendants jointly violated the FLSA with respect to Named Plaintiff and the §216(b) Class by, *inter alia*, failing to compensate them at time-and-one-half times their regular rates of pay for hours worked over forty (40) hours in a workweek as a result of not properly calculating the employees' regular rate of pay.

47. Named Plaintiff and the §216(b) Class Members were not exempt from receiving FLSA overtime benefits.

48. Defendants jointly knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the §216(b) Class Members are entitled.

49. Defendants knowingly, willfully and jointly failed to pay Named Plaintiff and the §216(b) Class Members the overtime wages they were due.

50. The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay Named Plaintiff and the §216(b) Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

51. As a direct and proximate result of Defendants' joint conduct, Named Plaintiff and the §216(b) Class Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of himself and the §216(b) Class Members.

## COUNT II
### (UNPAID OVERTIME PURSUANT TO THE OHIO WAGE LAW)

52. All of the preceding paragraphs are realleged as if fully rewritten herein.

53. This claim is brought under Ohio Law.

54. Ohio Law requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

55. The Named Plaintiff and those similarly situated to the Named Plaintiff from Ohio worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03, but were not paid one and one-half times their regular hourly rate for all hours worked over 40 in a workweek.

56. Defendants' company-wide corporate policy of not properly paying their field technicians one and one-half times their regular hourly rate for the hours the Named Plaintiff and those similarly situated from Ohio worked over 40 each week resulted in unpaid overtime to Plaintiff and those similarly situated Ohioans because Defendants did not properly calculate the employees' regular rate of pay.

57. Named Plaintiff and those similarly situated Ohioans were not exempt from the wage protections of Ohio Law.

58. Defendants' repeated and knowing failure to pay overtime wages to the Named Plaintiff and those similarly situated Ohioans were violations of R.C. §4111.03, and as such, Defendants acted willfully.

59. For Defendants' violations of R.C. §4111.03, by which the Named Plaintiff and those similarly situated Ohioans have suffered and continue to suffer damages; the Named Plaintiff and those similarly situated Ohioans seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available.

## COUNT III
### (VIOLATION OF OHIO'S PROMPT PAY ACT)

60. All of the preceding paragraphs are realleged as if fully rewritten herein.

61. During relevant times, Defendants were entities covered by the OPPA and the Named Plaintiff and those similarly situated Ohioans have been employed by Defendants within the meaning of the OPPA.

62. The OPPA requires Defendants to pay Named Plaintiff and those similarly situated Ohioans all wages, including unpaid overtime, on or before the first day of each month, for wages earned by him during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by her during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

63. During relevant times, Named Plaintiff and those similarly situated Ohioans were not paid all wages, including overtime wages at one and one-half times his regular rate within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

64. The Named Plaintiff's and those similarly situated Ohioans' unpaid wages remain unpaid for more than thirty (30) days beyond his regularly scheduled payday.

65. Named Plaintiff and those similarly situated Ohioans have been harmed and continue to be harmed by such unpaid wages.

66. In violating the OPPA, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## COUNT IV
**(WORKERS' COMPENSATION RETALIATION IN VIOLATION OF O.R.C. §4123.90)**

67. All of the preceding paragraphs are realleged as if fully rewritten herein.

68. Plaintiff was injured and/or suffered an occupational injury on October 31, 2016 resulting in four broken ribs and a collapsed lung. At the time of the incident, Plaintiff's position with Defendants was a lead/supervisor.

69. As the result of the workplace incident, Plaintiff was transported by ambulance to the hospital and was hospitalized for approximately one week.

70. After his release, Plaintiff was cleared to return to work on light duty as of December 15, 2016. Christian told Plaintiff that he would not allow him to return to work unless

and until he was cleared to return to work without any restrictions. In other words, Christian required Plaintiff to be 100% healed before he would be permitted to return to work.

71. On or about January 20, 2017, Plaintiff met with Christian as Morse was planning to return to work the following Monday – January 23, 2017. During the meeting, Christian told Plaintiff that he was going to be demoted from lead/supervisor to field technician and his pay would be reduced.

72. Following the January 20 meeting, Plaintiff texted Christian information related to O.R.C. § 4123.90 because Morse believed he was being terminated in retaliation for receiving workers' compensation benefits.

73. Nevertheless, Defendants refused to reinstate Plaintiff to lead/supervisor position.

74. After the demotion on the day he returned from his workplace injury, Plaintiff worked for Defendants until February 11, 2017 when he was constructively discharged by Defendants.

75. After Plaintiff was injured on the job, Plaintiff sought medical attention and filed a claim, instituted, or pursued a claim under the workers' compensation act.

76. The day he was permitted to return to work, he was demoted and his pay was reduced. In addition, he was constructively discharged on February 11, 2017 Defendant discharged Plaintiff in violation of O.R.C. § 4123.90. In addition, Plaintiff was treated less favorably than similarly situated employees who had not filed, instituted, or pursued a workers' compensation claim.

77. This conduct arising out of Plaintiff's workers' compensation claim is retaliation in violation of O.R.C. § 4123.90 because it constitutes a demotion, reassignment, and/or punitive

action against Plaintiff for exercising his rights by filing a claim and/or instituting, and/or pursuing a claim under the workers' compensation act.

78. Within the ninety (90) days following Plaintiff's discharge, Defendants received written notice that Plaintiff's demotion and discharge were in violation of O.R.C. § 4123.90.

79. As a result of Defendants' violation of O.R.C. § 4123.90, Plaintiff is entitled to all relief afforded under O.R.C. § 4123.90, including but not limited to reinstatement with back pay, and/or lost wages, and reasonable attorney's fees and costs.

## COUNT V
### (DISABILITY DISCRIMINATION – O.R.C. §4112.02)

80. All of the preceding paragraphs are realleged as if fully rewritten herein.

81. At all times relevant herein, Plaintiff suffered from an impairment within the meaning of Section 4112.01(A)(16) of the Ohio Revised Code.

82. At all times material herein, Plaintiff was a qualified individual with a disability within the meaning of O.R.C. §4112.01(A) of the Ohio Revised Code.

83. Defendant knew Plaintiff was disabled and/or regarded him as disabled.

84. Plaintiff's disability substantially limited his ability to perform several major life functions.

85. Defendant discriminated against Plaintiff because of his disability by taking the following non-exhaustive list of actions: requiring him to be 100% healed before he would be permitted to return to work, failing to engage in the interactive process, failing to accommodate his disability, demoting him, constructively discharging him, retaliating against him, and/or by otherwise discriminating against him in the terms, privileges and conditions of employment.

86. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer lost wages and benefits.

87. As a direct and proximate result of Defendants' conduct, Plaintiff suffered emotional distress including shame, humiliation, embarrassment, and mental anguish.

88. Defendants' conduct was willful, wanton, reckless and/or malicious for which Defendants are liable for all legal damages and other relief available under Ohio Revised Code Chapter 4112, including but not limited to punitive damages.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, as to Count I, Named Plaintiff requests judgment against Defendants for violations of the FLSA, and for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the 216(b) Class apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C. Awarding to the Named Plaintiff and the 216(b) Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

D. Awarding Named Plaintiff and the 216(b) Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses.

E. Awarding Named Plaintiff, the 216(b) Class Members and those similarly situated such other and further relief as the Court deems just and proper;

**WHEREFORE**, as to Counts II and III, Named Plaintiff requests judgment against Defendants for violations of the Ohio Wage Law and the OPPA, and for an Order:

F. Awarding to the Named Plaintiff and the Ohio members of the 216(b) Class unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio Law;

G. Awarding Named Plaintiff and the Ohio members of the 216(b) Class costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

H. Awarding Named Plaintiff, the Ohio members of the 216(b) Class such other and further relief as the Court deems just and proper;

I. Issuing an injunction prohibiting Defendants from engaging in present, ongoing and future violations of the Ohio Acts;

**WHEREFORE**, as to Count IV, Named Plaintiff requests judgment against Defendants for violations of O.R.C. § 4123.90, and for an Order:

J. Awarding back pay and benefits, front pay and benefits, and any other relief provided in O.R.C. § 4123.90 in an amount to be determined at trial;

**WHEREFORE**, as to Count V, Named Plaintiff requests judgment against Defendants for violations of O.R.C. § 4112.02, and for an Order:

K. Awarding back pay and benefits, front pay and benefits, and additional damages to be determined at trial, including but not limited to statutory damages, compensatory damages, liquidated damages, punitive damages, pre-judgment interest, post-judgment interest, costs, attorneys' fees, and all other relief the Court deems just and appropriate.

    Respectfully submitted,

    /s/ *Matthew J.P. Coffman*
    Matthew J.P. Coffman (0085586)
    **Coffman Legal, LLC**
    1457 S. High St.

Columbus, Ohio 43207
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

*Attorney for Plaintiff*

## **JURY DEMAND**

Plaintiff requests a trial by a jury of eight (8) persons.

/s/ *Matthew J.P. Coffman*
Matthew J.P. Coffman