**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SAMUEL MORSE, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:17-CV-453 |
| | : | |
| v. | : | Chief Judge Edmund A. Sargus |
| | : | |
| COMPLETE WIRING | : | Magistrate Judge Elizabeth Preston Deavers |
| CONCEPTS, LLC, ET AL., | : | |
| | : | |
| Defendants. | : | |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT**

Now come the Parties, by and through their respective counsel, and hereby move this Court for approval of the settlement of Plaintiffs' claims for unpaid overtime under the Fair Labor Standards Act pursuant to 29 U.S.C. §216(b). A memorandum in support of this Motion as well as the Parties' executed Settlement Agreement is attached hereto.

Respectfully submitted,

| | |
|---|---|
| /s/ Matthew J.P. Coffman | /s/ Gretchen M. Treherne |
| Matthew J.P. Coffman | Gretchen M. Treherne (0074376) |
| Coffman Legal, LLC | JACKSON LEWIS P.C. |
| 1457 S. High St. | 201 East Fifth Street, 26th Floor |
| Columbus, OH 43207 | Cincinnati, OH 45202 |
| (614) 949-1181 (telephone) | (513) 898-0050 (telephone) |
| (614) 386-9964 (fax) | (513) 898-0051 (fax) |
| mcoffman@mcoffmanlegal.com | gretchen.treherne@jacksonlewis.com |
| | |
| *Attorney for Plaintiff Samuel Morse* | *Attorney for Defendants Complete Wiring Concepts, LLC and Tyrone Christian.* |

**MEMORANDUM IN SUPPORT**

This is a wage and hour case under the Fair Labor Standards Act and related Ohio laws. The Parties have reached a settlement that will resolve Plaintiffs' wage-related claims. (*See* Exhibit A, Settlement Agreement). Accordingly, the Parties ask the Court to approve the settlement. The parties have separately reached a confidential settlement that will resolve Plaintiff Morse's non-wage related claims.

1. **BACKGROUND OF THE CASE**

On May 24, 2017, Plaintiff Samuel Morse filed this lawsuit on behalf of himself and similarly-situated individuals against Defendants Complete Wiring Concepts, LLC ("CWC") and Tyrone Christian. (*See* Doc. 1). Morse asserted claims that he and other non-exempt field technicians employed at CWC who received reimbursements that were excluded from their regular rate of pay were improperly denied overtime wages when they worked over 40 hours per week because such reimbursements should have been included in their regular rate of pay. At issue was cell phone reimbursements that allowed CWC to contact such technicians while they were working in the field to give them work-related instructions. The Parties disagree whether the reimbursements should be included as additional remuneration in CWC's regular rate of pay calculations for employees' overtime.

On October 4, 2017, the parties submitted a Joint Stipulation of Conditional Certification (Doc. No. 11), and this Court issued an Order conditionally certifying the putative collective class of non-exempt field technicians and authorized the Notice and Consent Form. (Doc. 13). Plaintiffs sent notice of the action to 50 former and current CWC employees who had been employed as non-exempt field technicians since October 1, 2014. The Opt-In period expired on December 28, 2017. Although 50 former and current CWC field technicians had an opportunity

to join the collective, only one additional individual (Caleb Giraud) returned the consent form and joined the lawsuit as an Opt-In Plaintiff. (See Doc. 16).

Thereafter, Defendants provided Plaintiff's counsel with payroll and timekeeping records. The Parties have also engaged in detailed settlement discussions about the viability of the legal and factual underpinnings of the lawsuit to arrive at the Settlement Agreements in this matter. The parties have agreed to resolve all claims by Plaintiff against Defendants.

2. ARGUMENT

A. The Settlement Amount is Fair and Reasonable

When a current or former employee alleges a violation of the FLSA, either the Secretary of Labor must oversee the payment of unpaid wages, or if the employee brings a private action and the parties settle the matter, a district court may enter a stipulated judgment after evaluating the parties' settlement terms for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-1353 (11th Cir. 1982); *see also Vigna v. Emery Federal Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *2 (S.D. Ohio 2016); *Gentrup v. Renovo Serv., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio 2011).

Courts recognize that "wage-and hour- collective and class actions are, by their very nature, complicated and time-consuming." *Swigart v. Fifth Third Bank,* 2014 U.S. Dist. LEXIS 94450 at *7 n. 1 (S.D. Ohio 2007). "The existence of a *bona fide* dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA." *Filby v. Windsor Mold USA, Inc.*, 2015 U.S. Dist. LEXIS 30034 at *5-6 (N.D. Ohio March 11, 2015) (citations omitted). "Avoiding the delay, risks, and costs of continued litigation against a defendant is a valid reason for counsel to recommend and for the court to approve a settlement." *In re Nationwide Fin. Servs. Litig.*, 2009 U.S. Dist. LEXIS 12692, at *10

(S.D. Ohio Aug. 18, 2009).

The Parties reached a settlement with respect to Plaintiff's claims, contingent upon this Court's approval. To assist the Court in its evaluation of the fairness of this settlement, the parties provide the following explanation which gave rise to the settlement:

The terms in the proposed Settlement Agreement are fair.  Although there is a genuine good faith dispute over the cell phone reimbursements were to be included as additional remuneration for regular rate of pay calculations, the Parties agreed to pay Morse and Giraud the entire amount of overtime owed if the reimbursements had been included in their regular rate of pay.  Since this matter was a conditional collective action, Defendants have settled with both Plaintiffs.  Although Defendants dispute that liquidated damages are warranted under the facts and circumstances of this matter, Defendants have nevertheless agreed to pay liquidated damages equal to the amount Morse and Giraud are each allegedly owed for unpaid wages in order to fully resolve all wage-related claims.  Thus, if Morse were to prevail on his unpaid wage claim, he would be entitled to receive $1.19 in additional overtime pay.  With liquidated damages, he would be entitled to receive $2.38.  The Parties have agreed to pay him a total of $50.00, which includes a service payment $47.62. *See, e.g., Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003) ("Numerous courts have authorized incentive awards [as] efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class.")    If Giraud were to prevail on his unpaid wage claims, he would been entitled to receive $8.84 in additional overtime pay, which amounts to $17.68 when liquidated damages are included.  The Parties have agreed to pay him $20.00, which is more than his potential damages. Accordingly, both Plaintiffs will receive in excess of **100%** of their potential damages under the terms of the

settlement.[1]

Although the Agreement requires dismissal of the lawsuit, it protects other non-exempt CWC field technicians from any prejudice. No field technician who is not a plaintiff to this case relinquishes any of his own claims, having not joined the lawsuit.

### B. Approval of Attorney's Fees and Expenses

The settlement includes payment of the Plaintiffs' responsibilities for attorney fees and costs. Pursuant to the FLSA, the Court shall, in addition to any judgment awarded to plaintiffs, allow a reasonable attorney's fee to be paid by the defendants, and costs of the action. 29 U.S.C. § 216(b). Defendants have agreed to pay the Plaintiffs' attorneys fees and costs in the amount of $5,000.00. The determination of a reasonable fee must be reached through an evaluation of a myriad of factors, all within the knowledge of the trial court, examined in light of the congressional policy underlying the substantive portions of the statute providing for the award of fees. *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir.1984). The purpose of the FLSA attorney fees provision is to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances. *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir.1994) (quoting *United Slate*, 732 F.2d at 502). "Courts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees [in a FLSA case] encourage[s] the vindication of congressionally identified policies and rights. *Fegley*, 19 F.3d at 1135 (quoting *United Slate*, 732 F.2d at 503).

The federal courts have long recognized the profound importance of plaintiff's right to recover attorneys' fees under the FLSA. *See, e.g., Shelton v. Ervin,* 830 F.2d 182, 184 (11th Cir.

---

[1] *See* Declaration of Matthew J.P. Coffman, **Exhibit B** at ¶16.

1987) (FLSA's fee recovery provision, 29 U.S.C. § 216(b), is not collateral to the merits of an FLSA lawsuit but, rather, is an "integral part of the merits of FLSA cases and part of the relief sought therein."). There is no numeric relationship required between the amount of economic losses recovered and the amount of fees recoverable. Congress has determined that it is important for FLSA rights to be enforced, and that reasonable attorney fees must be awarded to provide for such enforcement, particularly where the victims of FLSA violations are often low-wage workers whose per-person damages may not be significant. *See, e.g., Fegley v. Higgins,* 19 F.3d 1126, 1134-43 (6th Cir. 1994) (FLSA fee award "encourages the vindication of congressionally identified policies and rights"). Thus, it is not uncommon for fee awards to exceed the amount recovered by plaintiffs in lost wages. *See City of Riverside v. Rivera,* 477 U.S. 561, 574, 578 (1986) (no rule of proportionality in cases awarding fees under § 1988, in order to ensure lawyers are available to represent persons with legitimate claims). This principle has been applied in many cases in the FLSA context. *See, e.g., Holland v. New Method Packaging, LLC, et al*, No. 3:16-cv-00309-TMR-MJN, Doc. #23 (S.D. Ohio 2017) (Rose, J.) (in a case alleging violations of the FLSA, the Court approved settlement payment of $13,395.97 to the named plaintiff and $19,000 for attorneys' fees and costs); *Pellegrini v. Tower 10, LLC, et al*, No. 2:16-cv-00293-JLG-TPK, Doc. #31 and 32 (S.D. Ohio 2017) (Graham, J.) (in a FLSA case, the Court approved settlement of $2,000 to the named plaintiff and $11,500 for attorneys' fees and costs); *Jasper, et al v. Home Health Connection, Inc.*, No. 2:16-cv-00125-EAS-EPD (S.D. Ohio 2016) (Sargus, J.) (in a FLSA case, the Court approved $35,000 to named plaintiffs and class and $63,000 for attorneys' fees and costs).[2]

---

[2] *Fox v. Tyson Foods, Inc.*, No. 4:99-CV-1612-VEH, Doc. 819 (N.D. Ala. Feb. 17, 2009) (in an FLSA case in which three individual donning and doffing claims were tried, the plaintiffs collectively recovered $4,937.20 in wages but were awarded $765,618.10 in attorneys' fees based the attorney's lodestar hourly rates); *Hodgson v. Miller Brewing Co.,* 457 F.2d 221, 228-29 (7th Cir. 1972); *Perdomo v. Sears, Rosebuck & Co.,* Case No. 97-2822-CIV-T-17A, 1999

The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433-4(1983). This method is often referred to as the lodestar method. From there, the Court assesses (1) the value of the benefit rendered to the plaintiff class (i.e. the results achieved); (2) the value of the services on an hourly basis; (3) whether the services were undertaken on a contingent fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides. See e.g., *Rowlings v. Prudential-Bache Properties, Inc.*, 9 F.3d 513, 516 (6th Cir.1993).

Addressing the *Rowlings* factors shows that (1) the settlement provides a substantial benefit as demonstrated by the Settlement Agreement that gives Plaintiffs in excess of the full amount of their potential recovery under the FLSA; (2) the value of the services outweigh the fees agreed upon by the parties because Plaintiffs' counsel has incurred attorney's fees in excess of $8,635.00 and costs of $552.60 to prosecute this matter as of May 3, 2018;[3] (3) Plaintiffs' counsel took this

---

WL 1427752, *10 (M.D. Fla. Dec. 3, 1999); *Wales v. Jack M. Berry, Inc.,* 192 F.Supp.2d 1313, 1327 (M.D. Fla. 2001); *Heder v. City of Two Rivers,* 255 F.Supp.2d 947, 955 (E.D. Wis. 2003); *Perrin v. John B. Webb & Assocs.,* Case No. 604CV399ORLKRS, 2005 WL 2465022, *4 (M.D. Fla. Oct. 6, 2005)("in order for plaintiffs with minimal claims to obtain counsel, those counsel must be able to recover a reasonable fee for their time"). *See also Howe v. Hoffman-Curtis Partners Ltd.* 215 Fed. Appx. 341, 342 (5th Cir. Jan. 30, 2007) ("Given the nature of claims under the FLSA, it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples."); *Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994) (upholding award of $40,000 in fees even though Plaintiff recovered only $7,680 in damages); *Cox v. Brookshire Grocery Co.,* 919 F.2d 354, 358 (5th Cir. 1990) (upholding award of $9,250 in attorney's fees even though Plaintiff recovered only $1,698.00); *Bonnette v. Cal. Health & Welfare*, 704 F.2d 1465, 1473 (9th Cir. 1983) (affirming award of $100,000 in attorney's fees for a recovery of $20,000); *Albers v. Tri-State Implement, Inc.*, 2010 U.S. Dist. LEXIS 23450, *66-86 (D.S.D. Mar. 12, 2010) (awarding $43,797 in fees even though plaintiffs' combined damages totaled only $2,137.97); *King v. My Online Neighborhood, Inc.*, 2007 U.S. Dist. LEXIS 16135 (M.D. Fla. Feb. 20, 2007) (approving a settlement for $4,500 in unpaid wages and $10,500 in attorney's fees); *Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 955-56 (E.D. Wis. 2003) (awarding $36,204.88 in fees even though plaintiff's damages totaled only $3,540.00); *Griffin v. Leaseway Deliveries, Inc.,* 1992 U.S. Dist. LEXIS 20203 (E.D. Pa. Dec. 31, 1992) (awarding attorney's fees of $33,631.00 for a plaintiff's award of $17,467.20); *Holyfield v. F.P. Quinn & Co.,* 1991 U.S. Dist. LEXIS 5293, *1 (N.D. Ill. Apr. 22, 1991) (awarding $6,922.25 in attorney's fees for a judgment in the amount of $921.50).

[3] *See* Declaration of Matthew J.P. Coffman, **Exhibit B** at ¶19-20.

case on a contingency fee basis and provided all up front costs, including filing fees and notice costs;[4] (4) society stake in rewarding counsel is that workers have an avenue to pursue wage claims; (5) this FLSA action was more complex than a normal FLSA action because it involved a more novel legal principle and it provided the opportunity for a collective group of employees to recover their unpaid overtime wages; and (6) both counsel involved in the action pursued their claims and defenses in a civil and professional manner. The amount paid for attorney's fees and costs represents **54%** of the attorney's fees and costs incurred as of May 3, 2018 (representing a reduction of $4,187.60).[5] As a result, the *Rowlings* factors support the fees and costs sought in this case.

3. **CONCLUSION**

As the settlement provides Plaintiffs the relief to which they are entitled under the FLSA, the Parties respectfully request that the Court enter an Order approving the settlement of Plaintiffs' claims under the FLSA and dismissing the lawsuit with prejudice upon notice that all settlement payments have been made.

Respectfully submitted,

| | |
|---|---|
| /s/ Matthew J.P. Coffman | /s/ Gretchen M. Treherne |
| Matthew J.P. Coffman | Gretchen M. Treherne (0074376) |
| Coffman Legal, LLC | JACKSON LEWIS P.C. |
| 1457 S. High St. | 201 East Fifth Street, 26th Floor |
| Columbus, OH 43207 | Cincinnati, OH 45202 |
| (614) 949-1181 (telephone) | (513) 898-0050 (telephone) |
| (614) 386-9964 (fax) | (513) 898-0051 (fax) |
| mcoffman@mcoffmanlegal.com | gretchen.treherne@jacksonlewis.com |
| | |
| *Attorney for Plaintiff Samuel Morse* | *Attorney for Defendants Complete Wiring Concepts, LLC and Tyrone Christian.* |

---

[4] *Id.* at ¶4, 9.
[5] *Id.* at ¶21.

## **CERTIFICATE OF SERVICE**

    I hereby certify that on June 18, 2018, a copy of the foregoing Joint Motion for Approval of Settlement was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                        */s/ Matthew J.P. Coffman*
                                                        Matthew J.P. Coffman