# EXHIBIT A

## SETTLEMENT AND RELEASE OF CLAIMS

This Release and Settlement Agreement ("Agreement") entered by and between Samuel Morse on behalf of himself and Opt-In Plaintiff Caleb Giraud (together "Plaintiffs") and Complete Wiring Concepts, LLC ("CWC") and Tyrone Christian (together "Defendants") (the Plaintiffs and Defendants are together referred to as the "Parties") is to evidence the following understanding and agreements.

WHEREAS, Plaintiffs filed a Complaint styled *Samuel Morse. v. Complete Wiring Concepts, LLC, et al.*. being in the U.S. District Court for the Southern District of Ohio, Case No. 2:17-cv-00453, alleging, *inter alia*, that Defendants failed to pay Plaintiffs overtime as required by the Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), as well as the Ohio Prompt Pay Act (hereinafter referred to as the "Lawsuit"); and

WHEREAS, Defendants denied the allegations of wrongdoing asserted against them in the Lawsuit and neither the making of this Agreement nor anything contained herein shall be construed or be considered to be an admission by Defendant of noncompliance with, or violation of, any federal, state, or local law, constitution, regulation, ordinance, public policy, or of any other wrongdoing, unlawful conduct, liability, or breach of any duty whatsoever; and

WHEREAS, all Parties desire to settle and forever resolve all claims of Plaintiffs on the terms and conditions herein set forth.

NOW THEREFORE in consideration of the terms and conditions hereafter set forth and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree and act as follows:

1. **Consideration.** Defendants shall pay the total sum of Five Thousand Seventy Dollars ($5,070.00) to Plaintiffs and their legal counsel as settlement of each Plaintiffs' claims. Payment shall be made in three (3) checks that shall be designated in the following manner:

    (a) One check to Samuel Morse, in the amount of Fifty Dollars ($50.00), less applicable required withholdings, which represents lost wages for which the Defendant CWC will issue a W-2.

    (b) One check to Caleb Giraud in the amount of Twenty Dollars ($20.00), less applicable required withholdings, which represents lost wages for which the Defendant CWC will issue a W-2.

    (c) One check to the law firm of Coffman Legal, LLC (c/o Matthew J.P. Coffman) in the amount of Five Thousand ($5,000.00) as compensation for Plaintiffs' attorney's fees and costs, for which Defendant CWC will issue an IRS Form 1099.

The check(s) referenced in Paragraph 1 shall hereinafter be referred to as the "Settlement Payment." The Settlement Payment will be delivered to Plaintiffs' attorney Matthew J.P. Coffman of Coffman Legal, LLC within fourteen (14) days of the Court's approval of this settlement as referenced in Paragraph 7 of this Agreement.

2. **Release of All Wage and Hour Claims.** Plaintiffs knowingly and voluntarily release and forever discharge Defendants and their respective current and former parent corporations, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their respective current and former owners, employees, members, managers, attorneys, officers, directors, representatives, shareholders, investors, and agents, both individually and in their business capacities, and their respective employee benefit plans and programs and their respective administrators and fiduciaries (all persons or entities referenced in this Paragraph 2, collectively referred to throughout the remainder of this Agreement as the "Released Parties"), of and from any and all claims, known and unknown, asserted or unasserted, that Plaintiffs have, had, or may have against the Released Parties as of the date of execution of this Agreement, arising out of or in any way connected with the claims relating to any and all claims for wages, overtime, damages, penalties, liquidated damages, unpaid costs, restitution, penalties, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief out of which it is claimed the Plaintiffs suffered injury and/or damages as a result of any actions on the part of any of the Released Parties.

3. **Fees and Costs.** Any and all attorney fees and/or costs incurred by Plaintiffs or on their behalf will be paid solely by Plaintiffs out of these settlement proceeds.

4. **Taxes.** Plaintiffs agree to be responsible for the taxation on their proportions of settlement payment as set forth in this Agreement and agree to accept the tax consequences of any IRS classification of these settlement proceeds.

5. **No Admission of Liability.** It is understood and agreed that by offering the consideration outlined in this Release and regardless of the designated breakdown of the consideration, Defendant does not admit any violation of law, liability, or invasion of any rights and that any such violation or liability is expressly denied by the Defendant.

6. **Employment Verification.** The Parties agree that, in response to any inquiries from third parties regarding Plaintiffs' employment, Defendant will provide only their dates of employment and last positions held.

7. **Court Approval of Settlement.** Plaintiffs and Defendant acknowledge that the settlement is contingent upon court approval of the settlement, and the Parties agree to jointly submit a motion to approve the settlement to the Court. The settlement will be voided in the event that the Court does not approve the settlement of those claims.

8. **Dismissal of Claims.** Upon approval by the Court of the settlement of the Plaintiffs' claims and upon subsequent delivery of the settlement payment, Plaintiffs agree to dismiss with prejudice the claims pending in *Samuel Morse. v. Complete Wiring Concepts, LLC, et al.* being in the U.S. District Court for the Southern District of Ohio, Case No. 2:17-cv-00453 if the Court does not enter a stipulated dismissal with prejudice *sua sponte*.

9. **Limited Disclosure.** Plaintiffs and Defendant acknowledge that the terms of this Release and Settlement Agreement are confidential and that neither they nor their heirs, executors, administrators, successors, assigns, or beneficiaries will divulge the existence of this settlement or the terms of this Release and Settlement Agreement to anyone except their families, legal

counsel and/or their accountants, and the U.S. District Court for the Southern District of Ohio in Case No. 2:17-cv-00453, unless required by law. Plaintiffs and Defendant shall instruct those individuals that the information is strictly confidential and shall not be disclosed to any person or entity. Plaintiffs and Defendant, however, may reveal to anyone the fact that this matter has been settled, but not the terms of the settlement, if they receive an inquiry about the lawsuit. The parties acknowledge that because this Agreement is subject to the approval of the Court, it is public record. Plaintiffs and Defendant may not by pass their confidentiality obligations by notifying or informing third parties about the existence of records regarding the settlement or otherwise referring or directing anyone to the records regarding the settlement.

10. **No Consideration Absent this Agreement.** The consideration provided herein is made entirely for the purposes of settling a dispute, to settle and extinguish all actions, causes of action, suits, proceedings, damages, claims and rights which Plaintiffs had or may have against the Defendant subject to the limitations provided in Paragraph 2. The Parties also understand and agree that, except for a separate confidential settlement agreement between Samuel Morse and the Defendants with respect to his remaining non-wage related claims, the consideration contained in this Release and Settlement Agreement is the sole and only consideration for this Release and Settlement Agreement and that no representations, promises or inducements have been made by the Defendants other than as appear in this Agreement and the aforementioned agreement.

11. **Opportunity to Consider This Agreement; Consultation with Attorney.** The undersigned also declare and acknowledge that they have been represented by counsel concerning this matter, that they have read this Release and Settlement Agreement, and that they fully understand its terms and voluntarily accept this consideration for purposes of making a full and complete compromise, adjustment and settlement of all claims and potential damages against the Releasees.

12. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the State of Ohio without regard to its conflict of laws provision. Should any provision of this Agreement be declared illegal or unenforceable, excluding the release of claims provision, the remainder of this Agreement shall remain in full force and effect.

13. **Amendment.** This Agreement may not be modified, altered, or changed except in writing and executed by all Parties wherein specific reference is made to this Agreement.

14. **Counterparts and Signatures.** This Agreement may be signed in counterparts, each of which shall be deemed an original, but all of which, taken together shall constitute the same instrument. A signature made on a faxed or electronically mailed copy of the Agreement or a signature transmitted by facsimile or electronic mail will have the same effect as the original signature.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

PLAINTIFFS:

_____      6-7-2018
SAMUEL MORSE                        DATE

DEFENDANTS:

COMPLETE WIRING CONCEPTS, LLC:

_____     6-13-18
BY: Tyrone Christian, CEO        DATE

_____     6-13-18
TYRONE CHRISTIAN           DATE