UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SAMUEL MORSE,

        **Plaintiff,**

v.

COMPLETE WIRING CONCEPTS, LLC,
et al.,

        **Defendants.**

Case No. 2:17-cv-453
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court on the parties' Joint Motion for Approval of Settlement
(ECF No. 17). For the following reasons, the parties' Motion is **GRANTED**.

**I.**

Plaintiff Samuel Morse brought this case on behalf of himself and similarly-situated
individuals against Defendants Complete Wiring Concepts, LLC and Tyrone Christian alleging,
among other things, that he and other individuals are owed unpaid wages under the Fair Labor
Standards Act, 29 U.S.C. § 201, *et seq.* (FLSA). (Compl. at 1, ECF No. 1.) On the parties'
agreement, the Court approved notice to, and conditionally certified a collective of, "all current
and former hourly non-exempt field technicians of Defendants who were not paid overtime
wages because they received reimbursements that were excluded from their regular rate of pay
for the last three years." (Oct. 10, 2017 Order at 1, ECF No. 13.) One individual, Caleb Giraud,
responded to the notice and joined the case as an opt-in Plaintiff. (Notice at 1, ECF No. 16.)

The parties' proposed settlement of the unpaid wage claims is now before the Court.
Under the proposed settlement, Defendants will pay Plaintiffs and their counsel $5,070 in

exchange for a release of all claims. (Settlement at 1–2, ECF No. 17-1.) Morse will receive $50; Giraud will receive $20; and Plaintiffs' counsel will receive the remaining $5,000 in attorney fees and costs. (*Id.* at 1.) Although their recovery is small, Plaintiffs are receiving more than "the full amount of their potential recovery under the FLSA." (Mot. at 7, ECF No. 17.)

## II.

The Court first considers the fairness of the proposed settlement and then addresses the reasonableness of the requested attorney fees and costs.

### A.    Proposed Settlement

FLSA settlements generally require approval by a district court or the United States Department of Labor. *See* 29 U.S.C. § 216; *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011). "In reviewing a proposed FLSA settlement, a court must scrutinize the proposed settlement for fairness and determine whether the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Clevenger v. JMC Mech., Inc.*, No. 2:15-CV-2639, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015) (citing *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). Courts consider several factors when deciding whether to approve an FLSA settlement: (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery completed; (4) the plaintiff's likelihood of success on the merits; and (5) the public interest in settlement. *Padilla v. Pelayo*, No. 3:14-cv-305, 2015 WL 4638618, at *1 (S.D. Ohio Aug. 4, 2015) (citing *Gen. Motors Corp.*, 497 F.3d at 631).

The Court has considered the relevant factors and concludes that the proposed settlement in this case is a fair and reasonable resolution of a bona fide FLSA dispute. The parties zealously

2

litigated the case with competent and experienced counsel. (*See* Coffman Decl. at 1–3, ECF No. 17-2.) And after engaging "in detailed settlement discussions about the viability of the legal and factual underpinnings of the lawsuit," the parties arrived at the proposed settlement. (Mot. at 3, ECF No. 17.)

**B.       Requested Attorney Fees and Costs**

The FLSA provides for the award of reasonable attorney fees and costs in addition to any judgment awarded to the plaintiff. *See* 29 U.S.C. § 216(b). "The purpose of the FLSA attorney fees provision is 'to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances.'" *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994) (quoting *United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir. 1984)). In line with this congressionally identified purpose, courts determining the reasonableness of attorney fees "should not place an undue emphasis on the amount of the plaintiff's recovery" as compared to the amount of the requested fees. *Id.* at 1134–35. The plaintiff bears the burden of proving the reasonableness of the requested fees and expenses. *Barnett v. E-Waste Sys., Inc.*, No. 1:14-cv-908, 2015 WL 1757302, at *7 (S.D. Ohio Apr. 17, 2015).

Under the proposed settlement, Plaintiffs' counsel will receive $5,000 in attorney fees and costs. (Settlement at 1, ECF No. 17-1.) Plaintiffs' counsel states that he agreed to this payment even though the costs and fees he incurred in litigating this case were considerably higher—$552.60 in expenses and at least $8,635 in attorney fees (24.7 hours worked, as of May 3, 2018, at $350 per hour). (Mot. at 7–8, ECF No. 17; Coffman Decl. at 4, ECF No. 17-2.) Given the posture and complexity of the case, the amount recovered for Plaintiffs through the

settlement, and the costs and fees incurred by Plaintiffs' counsel, the Court concludes that $5,000 in attorney fees and costs is reasonable.

### III.

For these reasons, the Joint Motion for Approval of Settlement (ECF No. 17) is **GRANTED**. The proposed settlement is **APPROVED**, and Plaintiffs' counsel is **AWARDED** $5,000 in attorney fees and costs. Upon the filing of a stipulation of dismissal signed by all of the parties, the Court will dismiss this case in the manner agreed by the parties.

**IT IS SO ORDERED.**

_6-25-2018_
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**